(No. 2837—

JOHN NEWTON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1937.*

Claimant, pro se.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

For about three weeks prior to the 2d day of October, 1935, the claimant was employed by the respondent as a laborer in the Division of Highways, and was engaged in the

work of patching cement pavements on S. B. I. Route 148, about five miles north and west of Marion.

On the last mentioned date, he had worked a little over time, and about 4:30 P. M. was leaving for home. While getting into a State truck which the respondent furnished for the transportation of such of the workmen who cared to avail themselves thereof, and while on the premises of the respondent at the working site, the driver started the truck, and the claimant was thrown against the rear fender and fell to the pavement, thereby injuring his right wrist.

At the time of the accident, claimant was a married man and aside from one child born on December 31st, 1935, he had no children. Whether such child, born approximately ninety days after the accident, is to be considered as a child of the claimant "at the time of the injury to the employee," within the meaning of those words as used in the Compensation Act, is one of the material questions in this case.

Section 8-J-2 provides a minimum compensation of $11.00 per week "in case of an employee having one child under the age of sixteen years at the time of the injury to the employee."

The question as to whether a child en ventre sa mere entitled an employee to the benefit of the foregoing provision of the Workmen's Compensation Act, has not been directly passed upon by our Supreme Court. In the case of *American Liability Insurance Co.* vs. *Ind. Com.*, 342 Ill. 605, the Industrial Commission held that a child en ventre sa mere, if born alive, was to be considered as a child of the employee at the time of the injury. The award of the Industrial Commission was affirmed by the Supreme Court, but the question here involved was not directly presented to that court.

The question was considered by this court in the case of *Elliott* vs. *State,* 8 C. C. R. 289, and we there held that a child en ventre sa mere was to be considered as a child of the employee at the time of the accident. The question was directly presented to the court in that case, and was fully considered, and we can see no reason for departing from the conclusion there reached.

Upon consideration of the facts in the record we find as follows:

That the claimant and respondent were, on the 2d day of October, A. D. 1935, operating under the provisions of the

Workmen's Compensation Act; that on said date the claimant sustained accidental injuries which arose out of and in the course of his employment; that notice of said accident was given to said respondent and claim for compensation on account thereof was made within the time required by the provisions of the Compensation Act.

That the earnings of the claimant during the year next preceding the injury were $640.00; and that his average weekly wage was $12.30.

That the claimant at the time of the injury in question was twenty-six years of age and had one child under the age of sixteen years.

That the necessary first aid, medical, surgical and hospital services were provided by the respondent.

That the claimant was temporarily totally disabled from October 2d, 1935 to February 7th, 1936, and that he sustained the permanent loss of thirty-three and one-third per cent of the use of his right hand.

That under the provisions of Sections 8-B and 8-J-2 of the Compensation Act, the claimant is entitled to have and recover from the respondent the sum of $11.00 per week for the period of eighteen and two-sevenths weeks, that being the period of his temporary total incapacity for work.

That under the provisions of Sections 8-E and 8-J-2 of the Compensation Act, the claimant is entitled to have and recover from the respondent the sum of $11.00 per week for a further period of fifty-six and two-thirds weeks, for the reason that the injuries sustained by him resulted in the permanent loss of thirty-three and one-third per cent of the use of his right hand.

That the sum of One Hundred Nine Dollars and Seventy-one Cents ($109.71) has been paid by the respondent to the claimant to apply on the compensation due him.

That all of the compensation to which the claimant is entitled as above set forth has accrued prior to this date.

It Is Therefore Ordered that an award be entered in favor of the claimant for the sum of Seven Hundred Fourteen Dollars and Seventy-six Cents ($714.76).

This award being made under the provisions of the Workmen's Compensation Act for injury to a State employee, is subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Claims Arising Out of In-

juries to State Employees, and Providing for the Method of Payment Thereof," approved July 3d, 1937 (Session Laws of 1937, page 83).

In accordance with the provisions of such Act, this award is subject to the approval of the Governor, and upon such approval, is payable from the appropriation from the Road Fund in the manner provided in such Act.